**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Larry Ray Prue, Jr. | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Eastern District of Virginia | | |
| Case number 16-31288-KRH | | | |
| (If known) | | | |

Official Form 427

# Cover Sheet for Reaffirmation Agreement

12/15

Anyone who is a party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

## Part 1 — Explain the Repayment Terms of the Reaffirmation Agreement

| | |
|---|---|
| 1. Who is the creditor? | Nissan Motor Acceptance Corporation <br> Name of the creditor |
| 2. How much is the debt? | On the date that the bankruptcy case is filed $28,849.02 <br><br> To be paid under the reaffirmation agreement $28,871.46 <br><br> \_\_\_\_\_ per month for \*\_\_\_\_\_ months (if fixed interest rate) <br> \*One payment of $552.84 due on or before 4/23/2016, and  monthly installments in the amount of $480.75 (future payment amount under the credit agreement may be different) commencing on 3/27/2016 and continuing on the same day of each succeeding month with the remaining balance due on or before 9/27/2021 |
| 3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy Code §524(k)(3)(E).) | Before the bankruptcy case was filed   4.78% <br><br> Under the reaffirmation agreement   4.78%    [x] Fixed rate <br>                                          [] Adjustable rate |
| 4. Does collateral secure the debt? | [ ] No <br> [x] Yes. Describe the collateral.   15 NISSAN FRONTIER 2 VIN: 1N6AD0EV8FN724878 <br><br>       Current market value $24,750.00 |
| 5. Does the creditor assert that the debt is nondischargeable? | [x] No <br> [ ] Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable. |

| 6. Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts. | Income and expenses reported on Schedules I and J | | Income and expenses stated on the reaffirmation agreement |
|---|---|---|---|
| | 6a. Combined monthly income from line 12 of Schedule I | $ 2339.17 | 6e. Monthly income from all sources after payroll deductions  $ 2339.17 |
| | 6b. Monthly expenses from line 22c of Schedule J | — $ 2647.33 | 6f. Monthly expenses  — $ 2647.33 |
| | 6c. Monthly payments on all reaffirmed debts not listed on Schedule J | — $ — | 6g. Monthly payments on all reaffirmed debts not included in monthly expenses  — $ — |
| | 6d. **Scheduled net monthly income** Subtract line 6b and 6c from 6a. If the total is less than 0, put the number in brackets. | $ (313.16) | 6h. **Present net monthly income** Subtract lines 6f and 6g from 6e. If the total is less than 0, put the number in brackets.  (313.16) |

Debtor 1 <u>Larry Ray Prue, Jr.</u>
　　First Name　　　Middle Name　　　Last Name

Case number (if known) <u>16-31288-KRH</u>

| | |
|---|---|
| **7. Are the income amounts on lines 6a and 6e different?** | [✓] No<br><br>[ ] Yes. Explain why they are different and complete line 10 _____ |
| **8. Are the expense amounts on lines 6b and 6f different?** | [✓] No<br><br>[ ] Yes. Explain why they are different and complete line 10 _____ |
| **9. Is the net monthly income in line 6h less than 0?** | [ ] No<br><br>[✓] Yes. A presumption of hardship arises (unless the creditor is a credit union).<br>Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. Complete line 10.<br><br>*I have relived other debt throgh bankrupticy and learned to manage money better by credit counseling — Now working full-time* |
| **10. Debtor's certification about lines 7-9**<br><br>If any answer on lines 7-9 is Yes, the debtor must sign here.<br><br>If all the answers on lines 7-9 are No, go to line 11. | I certify that each explanation on lines 7-9 are true and correct.<br><br>X *Larry Prue Jr.*　　　　X _____<br>Signature of Debtor 1　　　　Signature of Debtor 2 (Spouse only in a joint case) |
| **11. Did an attorney represent the debtor in negotiating the reaffirmation agreement?** | [ ] No<br><br>[✓] Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?<br><br>[✓] No　*See Part C*<br>[ ] Yes |

---

**Part 2　Sign Here**

| | |
|---|---|
| Whoever fills out this form must sign here. | I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement.*<br><br>X *[signature]*　　　　Date *4/20/16*<br>Signature　　　　　　　　　　　　MM / DD / YYYY<br><br>Bradley J. Halberstadt, Attorney in Fact<br><u>Brad D. Welp, Attorney in Fact</u><br>Printed Name<br><br>Check one:<br><br>[ ] Debtor or Debtor's Attorney<br><br>[x] Creditor or Creditor's Attorney |

B2400A/B ALT (Form 2400A/B ALT) (12/15)

> ☑ **Presumption of Undue Hardship**
> ☐ **No Presumption of Undue Hardship**
> (Check box as directed in Part D: Debtor's Statement
> in Support of Reaffirmation Agreement.)

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**

In re:                                    Case No.    16-31288-KRH

Larry Ray Prue, Jr.,                      Chapter      7

                    Debtor(s)

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☑ Part A: Disclosures, Instructions, and        ☑ Part D: Debtor's Statement in Support of
Notice to Debtor (Pages 1 – 5)                  Reaffirmation Agreement

☑ Part B: Reaffirmation Agreement               ☐ Part E: Motion for Court Approval

☑ Part C: Certification by Debtor's Attorney

*[**Note:** Complete Part E only if debtor was not represented by an attorney during
the course of negotiating this agreement. Note also: If you complete Part E, you must
prepare and file Form 240C ALT - Order on Reaffirmation Agreement.]*

> Name of Creditor:  **Nissan Motor Acceptance Corporation**
>
> ☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the
> Federal Reserve Act

**PART A:  DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR**

> **1.      DISCLOSURE STATEMENT**
>
> ***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:***

**SUMMARY OF REAFFIRMATION AGREEMENT**
> This Summary is made pursuant to the requirements of the Bankruptcy Code.

> **DATE OF DISCLOSURE STATEMENT:  03/22/2016**

**AMOUNT REAFFIRMED**

> The amount of debt you have agreed to reaffirm:                    $28,871.46

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have
accrued as of the date of this disclosure.  Your credit agreement may obligate you to pay additional amounts
which may come due after the date of this disclosure.  Consult your credit agreement.*

B2400A/B ALT (Form 2400A/B ALT) (12/15)

2

16-31288-KRH / XXXXXXXXXXXXX0001 / 20003

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a.   If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in §103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i)   The Annual Percentage Rate disclosed, or that would have been disclosed to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: %.

— And/Or —

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: %. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$_____ @ _____%;
$_____ @ _____%;
$_____ @ _____%.

b.   If the debt is an extension of credit other than under an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: **4.78%**.

— And/Or —

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: %. If different simple interest rates apply to different balances included in the amount reaffirmed,

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                          3

16-31288-KRH / XXXXXXXXXXXXX0001 / 20003

the amount of each balance and the rate applicable to it are:

$_____  @  _____%;
$_____  @  _____%;
$_____  @  _____%.

    c.  If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

    The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

    d.  If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 15 NISSAN FRONTIER 2 VIN: 1N6AD0EV8FN724878 | $31,055.39 |

*Optional* --- *At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $_____ is due on _____ (date), but the future payment amount may be different.  Consult your reaffirmation agreement or credit agreement, as applicable.

*— Or —*

Your payment schedule will be: _____ (number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the  (day) of each _____ (week, month, etc.), unless altered later by mutual agreement in writing.

*— Or —*

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

    **One payment of $552.84 due on or before 4/23/2016, and**

    **monthly installments in the amount of $480.75 (future payment amount under the credit agreement may be different) commencing on 3/27/2016 and continuing on the same day of each succeeding month with the remaining balance due on or before 9/27/2021.**

B2400A/B ALT (Form 2400A/B ALT) (12/15)

4

16-31288-KRH / XXXXXXXXXXXXX0001 / 20003

## 2.    INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1.   Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B.

2.   Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3.   If you are represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4.   If you are not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5.   The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6.   If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7.   If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on you reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

B2400A/B ALT (Form 2400A/B ALT) (12/15)

16-31288-KRH / XXXXXXXXXXXXX0001 / 20003

5

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

What are your obligations if you reaffirm the debt? A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

Are you required to enter into a reaffirmation agreement by any law? No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

What if your creditor has a security interest or lien? Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

**NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                    6

16-31288-KRH / XXXXXXXXXXXXX0001 / 20003

**PART B:  REAFFIRMATION AGREEMENT.**

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1.   Brief description of the credit agreement:  **Contract dated 06/12/2015**

2.   Description of any changes to the credit agreement made as part of this reaffirmation agreement:  **See Part A:  Disclosure Statement
for reaffirmed amount, interest rate and payment terms.     Unless otherwise changed in this reaffirmation agreement, I (we)
reaffirm all other terms and conditions of the credit agreement.  Any changes to the credit agreement contained in this
reaffirmation agreement will not be effective if this reaffirmation agreement is not enforceable after the expiration of the rescission
period.  Debtor(s) represent that neither they, their attorneys, nor agents made any changes to the reaffirmation amount, interest
rate or repayment terms set forth in the original reaffirmation agreement proposed by Creditor.  The parties agree that any
changes made by Debtor(s), their attorneys or agents to the original agreement sent by Creditor shall not be enforceable unless the
Creditor places initials next to any proposed change in the reaffirmation amount, interest rate or repayment terms.  In the event
such changes are made without Creditor's initials, the reaffirmation agreement shall be voidable by the Creditor at any time,
notwithstanding the fact that it may have been signed and filed with the Bankruptcy Court.**

> **Until invoicing is re-started, payments should be mailed to creditor at the following address:**
> **Nissan Motor Acceptance Corporation**
> **P.O. Box 660366**
> **Dallas, TX 75266-0366**
> **TO BE EFFECTIVE, ANY NOTICE OF RESCISSION MUST BE MAILED TO THE
> FOLLOWING ADDRESS:**
> **Nissan Motor Acceptance Corporation**
> **c/o Stewart, Zlimen & Jungers, Ltd.**
> **2277 Highway 36 West, Suite 100**
> **Roseville, MN  55113**

SIGNATURE(S):

Borrower:                                                    Accepted by creditor:

*Larry R. Prue Jr*                                           Nissan Motor Acceptance Corporation
(Print Name)
                                                             (Printed Name of Creditor)
                                                             c/o Stewart, Zlimen & Jungers, Ltd.
                                                             2277 Highway 36 West, Suite 100
(Signature)                                                  Roseville, MN  55113
Date: 4-8-2016                                               (Address of Creditor)

Co-borrower, if also reaffirming these debts:
                                                             (Signature)
                                                             Bradley J. Halberstadt, Attorney in Fact
_____                        Brad D. Welp, Attorney in Fact
(Print Name)                                                 (Printed Name and Title of Individual Signing for
                                                             Creditor)

_____
(Signature)                                                  Date of creditor acceptance:
Date: _____                                       March 24, 2016

B2400A/B ALT (Form 2400A/B ALT) (12/15)

7

16-31288-KRH / XXXXXXXXXXXXX0001 / 20003

### PART C:  CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☑ *[Check box, If applicable and the creditor is not a Credit Union.]*  A presumption of undue hardship has been established with respect to this agreement. ~~In my opinion, however, the debtor is able to make the required payment.~~ *BKS*

Printed Name of Debtor's Attorney:  *Brian K Stevens*

Signature of Debtor's Attorney:  *B. K S*

Date:  *4/8/2016*

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                                    8

16-31288-KRH / XXXXXXXXXXXXX0001 / 20003

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT.

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 **and** your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1.    I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $2334.17 and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $2647.33    leaving $313.16    to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:

*I have reduced other debt by bankruptcy and learned to manage money better by credit counseling — Now working full-time*

**(Use an additional page if needed for a full explanation.)**

2.    I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
                   (Debtor)

_____
(Joint Debtor, if any)

Date:    4 - 8 - 2016

— Or —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3.    I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and completed and signed reaffirmation agreement.

Signed: _____
                   (Debtor)

_____
(Joint Debtor, if any)

Date: _____